FILED

DEC 23 2002

LARRY W. PROPES, CLERK
CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

Billie Joe Canas, )
                  )
        Plaintiff, )
                  )
        vs.       )       C/A No. 9 02 4258 23
                  )
Town of Ridgeland Police Department, )
Rick Zareva, individually and his capacity)
as Chief of Police of the Town of )
Ridgeland and Chris Malphrus, )
                  )
        Defendants. )
_____)

## ANSWER TO PLAINTIFF'S COMPLAINT

To:    Anthony Dore, Attorney for Plaintiff.

The Defendants, by way of Answer to the Complaint herein and reserving all rights to file Motions under Federal Rules of Civil Procedure 12(b) would show unto the Court:

1.    Each and every allegation of the Complaint not expressly admitted, qualified or explained is denied.

### FOR A FIRST DEFENSE TO FACTUAL ALLEGATIONS

2.    Upon information and belief, the Defendants admit the allegations of paragraph I.

3.    The Defendants admit the allegations of paragraphs II, III and IV.

4.    Paragraphs V and VI contains jurisdictional statements which these

3

Defendants need neither admit or deny.

5. With regard to the allegations of paragraph VII, the Defendants admit only so much of the allegations as alleges that on or about November 27, 2000, the Plaintiff and her minor son were traveling on I-95 in a northerly direction in the Town of Ridgeland, Jasper County, South Carolina. The Defendants have insufficient knowledge to admit or deny the remaining allegations of paragraph VII.

6. The Defendants admit the allegations of paragraph VIII.

7. The Defendants deny the allegations of paragraph IX.

8. The Defendants admit only so much of the allegations of paragraph X as alleges that upon stopping her vehicle, Officer Malphrus and other officers on the scene ordered Plaintiff to exit her vehicle with her "hands up" and to walk to the back of her vehicle. The Defendants deny the remaining allegations of paragraph X.

9. The Defendants admit only so much of the allegations of paragraph XI as alleges that the officers drew their firearms pointing in the direction of Plaintiff and advised Plaintiff to keep her hands in the air. The Defendants deny the remaining allegations of paragraph XI.

10. The Defendants deny the allegations of paragraph XII and demand strict proof thereof.

11. The Defendants admit the allegations of paragraph XIII.

### FOR A FIRST DEFENSE TO FIRST CAUSE OF ACTION
### ASSAULT AND BATTERY

12. The Defendants reallege their defenses to paragraphs I through XIV as fully as if set forth herein.

13. The Defendants deny the allegations of paragraphs XV, XVI and XVII.

## FOR A SECOND DEFENSE TO FIRST CAUSE OF ACTION
### (OFFICER SUBSTITUTION)

14. The Defendants Rick Zareva and Chris Malphrus are entitled to dismissal as to this action in that these Defendants are not proper parties to any cause of action brought under the South Carolina Tort Claims Act and the Town of Ridgeland, as governmental entity, must be substituted as the party Defendant as the South Carolina Tort Claims Act provides immunity for individual employees of a governmental entity while acting within the scope of their duties. S.C. Code Ann. § 15-78-70(c).

## FOR A THIRD DEFENSE TO FIRST CAUSE OF ACTION
### (FAILURE TO ALLEGE FRAUD, MALICE, INTENT TO HARM)

15. The Defendants Zareva and Malphrus in their individual capacities are entitled to dismissal of the Complaint against them in that the Complaint fails to state a cause of action against these Defendants in that Plaintiff alleges that these Defendants conduct was within the scope of their official duties but fails to allege that their actions constituted actual fraud, actual malice, intent to harm or a crime involving moral turpitude and thus the South Carolina Tort Claims Act is the exclusive remedy for any tort committed by these employees. S.C. Code Ann. §15-78-70(b).

## FOR A FOURTH DEFENSE TO FIRST CAUSE OF ACTION
### (BAR AGAINST ENTITY LIABILITY)

16. In the event that the Court concludes that the Defendants' conduct was not within the scope of their official duties or that their acts constituted actual fraud,

actual malice, intent to harm, or a crime involving moral turpitude, such finding would constitute a bar in an action against the Town of Ridgeland as a governmental entity. S.C. Code Ann. §15-78-70 and §15-78-60(17).

### FOR A FIFTH DEFENSE TO FIRST CAUSE OF ACTION
### (TORT CLAIMS ACT EXCLUSIONS)

17. This cause of action fails to state a claim against the Defendant Town of Ridgeland as Defendant and as maybe substituted for the individually named Defendants, in that the claims alleged in the Complaint are barred by the applicable provisions of the South Carolina Tort Claims Act, (§15-78-10, et seq., Code of Laws of South Carolina (1976), as amended) in that a governmental entity, including governmental employees and officials sued are not liable for loss resulting from:

   (a) adoption, enforcement, or compliance with a law or failure to adopt or enforce any law, whether valid or invalid, including, but not limited to, any charter, provision, ordinance, resolution, rule, regulation, or written policies, §15-78-60(4);

   (b) the exercise of discretion or judgment by the governmental entity or employee or the performance or failure to perform any act or service which is in the discretion or judgment of the governmental entity or employee, §15-78-60(5);

   (c) civil disobedience, riot, insurrection, or rebellion or the failure to provide the method of providing police or fire protection, §15-78-60(6);

   (d) employee conduct outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude, §15-78-60(17);

   (e) institution or prosecution of any judicial or administrative proceeding, §15-78-60(20); and

   (f) responsibility or duty including but not limited to supervision, protection,

control, confinement, or custody of any student, patient, prisoner, inmate, or client of any governmental entity, except when the responsibility or duty is exercised in a grossly negligent manner,
§15-78-60(25).

### FOR A SIXTH DEFENSE TO FIRST CAUSE OF ACTION
### (PRIVILEGE/ASSAULT)

18.    During all of the time referred to in the Complaint herein, Defendant's officers were acting as duly and regularly appointed law enforcement officers of the governmental entity of the Town of Ridgeland. On the date as specified in the Complaint, Plaintiff did then and there in the presence of Defendant's officers, wilfully and unlawfully commit the crime of driving in excess of the posted speed limit, failure to comply with child restraint laws, failure to stop for a blue light and failure to yield right of way contrary to the laws of the State of South Carolina.

By reason thereof, Defendant's officers announced their intention to arrest Plaintiff, and did effect such arrest without subjection of Plaintiff to any more restraint, force or arms than was necessary to arrest and detain her, and did thereafter transport her to the Jasper Detention Center.

### FOR A SEVENTH DEFENSE TO FIRST CAUSE OF ACTION
### (PRIVILEGE OF SELF DEFENSE)

19.    The Defendant's officers were cloaked with the privilege of self defense and defense of others and used only that force in effectuating the arrest of the Plaintiff as was reasonably necessary to prevent the threatened harm to the Defendant's person and to the persons of those on the scene.

### FOR AN EIGHTH DEFENSE TO FIRST CAUSE OF ACTION
### (PRIVILEGE OF REASONABLE FORCE)

20.     The Defendants were cloaked with the privilege of law enforcement officials to use reasonable force to effectuate a lawful arrest and used only that force necessary to arrest the Plaintiff and to overcome resistance.

### FOR A NINTH DEFENSE TO FIRST CAUSE OF ACTION
### (CONSENT TO USE OF REASONABLE FORCE)

21.     The Plaintiff consented to the Defendants actions in the use of reasonable force to overcome resistance by unlawfully failing to stop for a blue light, failing to yield to law enforcement officers in resistance to lawful authority.

### FOR A TENTH DEFENSE TO FIRST CAUSE OF ACTION
### (GOOD FAITH/WITHOUT MALICE)

22.     The Defendant's officers acted at all times in good faith and in self-defense without recklessness, willfulness, or malice in the conduct of their duties as law enforcement officers of the Town of Ridgeland.

### FOR A FIRST DEFENSE TO SECOND CAUSE OF ACTION
### (ASSAULT AND BATTERY)

23.     The Defendants reallege their defenses to paragraphs I through XVIII as fully as is set forth herein.

24.     The Defendants deny the allegations of paragraphs XIX, XX, XXI and XXII.

## FOR A SECOND DEFENSE TO SECOND CAUSE OF ACTION
## (OFFICER SUBSTITUTION)

25.     The Defendants Rick Zareva and Chris Malphrus are entitled to dismissal as to this action in that these Defendants are not proper parties to any cause of action brought under the South Carolina Tort Claims Act and the Town of Ridgeland, as governmental entity, must be substituted as the party Defendant as the South Carolina Tort Claims Act provides immunity for individual employees of a governmental entity while acting within the scope of their duties.  S.C. Code Ann. § 15-78-70(c).

## FOR A THIRD DEFENSE TO SECOND CAUSE OF ACTION
## (FAILURE TO ALLEGE FRAUD, MALICE, INTENT TO HARM)

26.     The Defendants Zareva and Malphrus in their individual capacities are entitled to dismissal of the Complaint against them in that the Complaint fails to state a cause of action against these Defendants in that Plaintiff alleges that these Defendants conduct was within the scope of their official duties but fails to allege that their actions constituted actual fraud, actual malice, intent to harm or a crime involving moral turpitude and thus the South Carolina Tort Claims Act is the exclusive remedy for any tort committed by these employees.  S.C. Code Ann. §15-78-70(b).

## FOR A FOURTH DEFENSE TO SECOND CAUSE OF ACTION
## (BAR AGAINST ENTITY LIABILITY)

27.     In the event that the Court concludes that the Defendants' conduct was not within the scope of their official duties or that their acts constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude, such finding would

constitute a bar in an action against the Town of Ridgeland as a governmental entity. S.C. Code Ann. §15-78-70 and §15-78-60(17).

### FOR A FIFTH DEFENSE TO SECOND CAUSE OF ACTION
### (TORT CLAIMS ACT EXCLUSIONS)

28. This cause of action fails to state a claim against the Defendant Town of Ridgeland as Defendant and as maybe substituted for the individually named Defendants, in that the claims alleged in the Complaint are barred by the applicable provisions of the South Carolina Tort Claims Act, (§15-78-10, et seq., Code of Laws of South Carolina (1976), as amended) in that a governmental entity, including governmental employees and officials sued are not liable for loss resulting from:

(a) adoption, enforcement, or compliance with a law or failure to adopt or enforce any law, whether valid or invalid, including, but not limited to, any charter, provision, ordinance, resolution, rule, regulation, or written policies, §15-78-60(4);

(b) the exercise of discretion or judgment by the governmental entity or employee or the performance or failure to perform any act or service which is in the discretion or judgment of the governmental entity or employee, §15-78-60(5);

(c) civil disobedience, riot, insurrection, or rebellion or the failure to provide the method of providing police or fire protection, §15-78-60(6);

(d) employee conduct outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude, §15-78-60(17);

(e) institution or prosecution of any judicial or administrative proceeding, §15-78-60(20); and

(f) responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any student, patient, prisoner, inmate, or client of any governmental entity, except when the responsibility or duty is

exercised in a grossly negligent manner, §15-78-60(25).

## FOR A SIXTH DEFENSE TO SECOND CAUSE OF ACTION
## (FAILURE TO STATE A CLAIM/TORT CLAIMS ACT)

29.  The Defendants are immune from this suit in that under Section 15-78-30(f) of the South Carolina Tort Claims Act, damages for intentionally inflicted emotional harm are not recoverable.

## FOR A SEVENTH DEFENSE TO SECOND CAUSE OF ACTION
## (GOOD FAITH)

30.  The Defendant's officers are entitled to dismissal as to Plaintiff's cause of action in that these Defendants at all times acted in good faith and in a reasonable manner and Plaintiff's Complaint in failing to allege the Defendants acted in bad faith and in an unreasonable manner, have failed to allege the elements establishing a cause of action for intentional infliction of emotional distress.

## FOR A FIRST DEFENSE TO THIRD CAUSE OF ACTION
## VIOLATION OF 42 U.S.C., SECTION 1983

31.  The Defendants reallege their defenses to paragraphs I through XXIII as fully as is set forth herein.

32.  The Defendants deny the allegations of paragraphs XXIII, XXIV, XXV, XXVI and demand strict proof thereof.

## FOR A SECOND DEFENSE TO THIRD CAUSE OF ACTION
## (QUALIFIED IMMUNITY)

33.  If the acts complained of occurred, they occurred within the scope of the

Defendant's official duties and the Defendants had no knowledge that said acts were illegal and/or unconstitutional nor were said acts clearly volative of Plaintiff's rights at the time they were committed.

### FOR A THIRD DEFENSE TO THIRD CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

34.     In further answering the Complaint of the Plaintiff, Defendants Zareva and Ridgeland allege that Defendants are not proper parties to this action under 42 U.S.C. Section 1983 in that in such actions, the doctrine of respondeat superior is not applicable and therefore, Defendants Rick Zareva, as Chief of Police and Ridgeland are entitled to dismissal.

### FOR A FOURTH DEFENSE TO THIRD CAUSE OF ACTION
### (FAILURE TO STATE A CLAIM)

35.     The Defendants plead as an affirmative defense that this Court lacks subject matter jurisdiction over the named Defendants and the Plaintiff's Complaint fails to state a cause of action against these Defendants in that the cause of action fails to comply with the requirements as set forth in <u>Monell vs. Department of Social Services</u> at 436 US 658 (1978), and subsequent case law that controls procedures whereby a Plaintiff may bring a 42 U.S.C. Section 1983 action against a municipality.

### FOR A FIFTH DEFENSE TO THIRD CAUSE OF ACTION
### (42 U.S.C. SECTION 1983/FAILS TO ALLEGE DEPRIVATION)

36.     The Defendants plead as an affirmative defense that this Court lacks subject matter jurisdiction over the named Defendants and Plaintiff's Complaint fails to

state a cause of action against these Defendants in that this cause of action fails to set forth allegations that these Defendants deprived Plaintiff of any federally protected rights.

## FOR A SIXTH DEFENSE TO THIRD CAUSE OF ACTION
## (42 U.S.C. SECTION 1983/GOOD FAITH)

37.    In further answering the Complaint of Plaintiff, Defendant alleges that at all times he was operating in good faith and under the belief, based upon Plaintiff's action, that Plaintiff posed a threat of harm to the officers on the scene.

## FOR AN ADDITIONAL DEFENSE TO ALL PLAINTIFF'S TORT CLAIMS

38.    The Plaintiff's claims arising under the South Carolina Tort Claims Act are time barred by the applicable statute of limitations as filing and service were not perfected within the applicable filing period.

WHEREFORE, having answered the Complaint, the Defendants demand that it be dismissed with costs.

BOGOSLOW, JONES,
STEPHENS & DUFFIE, P.A.

20 December 2002            By: _____
                                Christy S. Stephens
Walterboro, South Carolina      Attorney for Defendants
                                Fed I.D. No. 6215

452 Upchurch Lane, Post Office Box 1515
Walterboro, South Carolina 29488
(843) 538-1050

T:\Cpwin\HISTORY\021202A\B53.09